UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARITZA MUNOZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| EQUIFAX INFORMATION ) | |
| SERVICES, LLC; EXPERIAN ) | |
| INFORMATION SOLUTIONS, ) | |
| INC.; and TRANS UNION, LLC, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, MARITZA MUNOZ ("Plaintiff"), by and through her attorney, alleges the following against Defendants, EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION, LLC, ("Equifax", "Experian", and "TransUnion" respectively and "Defendants" collectively):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and Regulation V, 12 C.F.R. part 1022.

## JURISDICTION AND VENUE

2. This court has jurisdiction under the FCRA, 15 U.S.C. § 1681, *et seq.*, as well as pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue and personal jurisdiction in this district are proper because Defendants do or transact business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

4. Plaintiff is a natural person residing in the Village of Plainfield, Kendall County, State of Illinois.

5. Defendant Equifax is a credit reporting agency that does business in City of Covington, Newton County, State of Georgia, and has a principal place of business located in Atlanta, Georgia.

6. Defendant Experian is a credit reporting agency that does business in City of Covington, Newton County, State of Georgia, and has a principal place of business located in Allen, Texas.

7. Defendant TransUnion is a credit reporting agency that does business in City of Covington, Newton County, State of Georgia, and has a principal place of business located in Chicago, Illinois.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9. At all relevant times, each Defendant was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

10. At all relevant times Defendants, Equifax, Experian, and TransUnion were each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

11. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

## FACTUAL ALLEGATIONS

12. In or around January 2024, Plaintiff reviewed her Equifax, Experian, and TransUnion credit reports.

13. In or around January 2024, Plaintiff noticed that her Synchrony Bank account/tradeline on her Equifax, Experian, and TransUnion credit reports was inaccurate.

14. On or about November 7, 2021, Plaintiff purchased several items from a merchant, DHgate.com, using her PayPal credit card, issued by Synchrony Bank.

15. In or around November 2021, the merchant, DHgate.com, cancelled Plaintiff's order.

16. Plaintiff did not receive the items that she originally purchased due to the cancellation of her order.

17. Plaintiff does not owe the above-referenced alleged debt associated with Synchrony Bank.

18. Defendants have been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various consumer reporting agencies, as that term is defined by 15 U.S.C. § 1681a(f).

19. In or around January 2024, Plaintiff followed the established procedures of Defendants Equifax, Experian, and TransUnion to send a written dispute to each Defendant.

20. Plaintiff's written disputes explained to Defendants Equifax, Experian, and TransUnion why the tradeline was inaccurate.

21. Despite Plaintiff's disputes and the accompanying records proving that she does not owe the alleged debt, Defendants maintained the inaccurate information in Plaintiff's credit history.

22. Defendants failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff with regard the above-referenced credit reports.

23. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports.

24. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

25. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

26. As a result of the Defendants' acts and/or omissions Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit defamation, and emotional distress, including anxiety, frustration, embarrassment, and humiliation.

27. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

28. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

29. The conduct of the Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are detailed above.

## COUNT I
## DEFENDANT EQUIFAX VIOLATED THE FAIR CREDIT REPORTING ACT

30. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-nine (29) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

31. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

32. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the

attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, MARITZA MUNOZ, respectfully requests judgment be entered against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT

33. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-nine (29) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

34. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Experian is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

35. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, MARITZA MUNOZ, respectfully requests judgment be entered against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

    e. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT TRANSUNION VIOLATED THE FAIR CREDIT REPORTING ACT

36. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-nine (29) of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

37. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, TransUnion is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

38. The conduct of TransUnion was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, TransUnion is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, MARITZA MUNOZ, respectfully requests judgment be entered against Defendant, TRANS UNION, LLC, for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: September 23, 2024

By: /s/ Shireen Hormozdi
Shireen Hormozdi
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@norcrosslawfirm.com
Attorney for Plaintiff